IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2012 JUN -5 PM 12: 03

MARKEL GEORGE,

      Plaintiff,

CASE NO.: 6:12-cv-845-ORL-36-GJK

v.

CHIPOTLE MEXICAN GRILL SERVICE CO., LLC
a Foreign Limited Liability Company, and
CHIPOTLE MEXICAN GRILL, INC.,
a Foreign for Profit Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARKEL GEORGE, ("Plaintiff"), by and through his undersigned counsel and hereby sues the above Defendants, CHIPOTLE MEXICAN GRILL SERVICE CO., LLC, a Foreign Limited Liability Company, and CHIPOTLE MEXICAN GRILL, INC., a Foreign for Profit Corporation ("Defendants"), and states as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against his former employer for disability discrimination and retaliation under the Americans with Disabilities Act (ADA), and Chapter 760 of the Florida Statues. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §1337, and for the state law claims under the doctrine of supplemental jurisdiction. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida.

### Parties and Factual Allegations

2. Plaintiff is an individual *sui juris* residing in Orange County and, who at all times relevant to this action, was employed by the Defendants in Defendants' business located in Orange County, Florida.

3. Defendant CHIPOTLE MEXICAN GRILL SERVICE CO., LLC, is a Foreign Limited Liability Company doing business in Orange County, Florida and is an employer as defined by Chapter 760 of the Florida Civil Rights Act because it engages in an industry affecting commerce and has over fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

4. Defendant CHIPOTLE MEXICAN GRILL, INC., is a Foreign for Profit Corporation doing business in Orange County, Florida and is an employer as defined by Chapter 760 of the Florida Civil Rights Act because it engages in an industry affecting commerce and has over fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year

5. Defendants are also employers under the Americans with Disabilities Act.

6. Plaintiff was employed by Defendants from approximately August 8, 2007, until on or around October 5, 2010.

7. At all times relevant hereto, Plaintiff was a qualified individual with a disability and/or perceived disability.

8. During his employment with Defendants, Plaintiff met or exceeded Defendants' employment expectations.

9. Plaintiff was discriminated against and harassed because of his disability, and was treated differently than similarly situated non-disabled employees, including but not limited to, upper management informing Plaintiff that he would not be promoted due to his disability and/or perceived disability; failing to reasonably accommodate Plaintiff; and, denying Plaintiff promotions and transfers due to his disability and/or perceived disability.

10. Defendants engaged in discriminatory behavior which interfered with Plaintiff's ability to progress in his employment.

11. Plaintiff complained about the discrimination to management and Human Resources.

12. After Plaintiff complained about Defendants' discriminatory behavior, Defendants began retaliating against Plaintiff by unfairly disciplining Plaintiff and ultimately terminating him.

13. Defendants' actions as described herein were intentional and were done with malice and/or reckless disregard for Plaintiff's rights under the law. Defendants' actions have caused Plaintiff to suffer damages in the form of pain, suffering, mental anguish, loss wages and other employment benefits, and Plaintiff will continue to suffer said damages in the future.

14. Plaintiff has exhausted his administrative remedies and/or has met all administrative prerequisites for bringing this action.

15. Plaintiff has retained Lytle & Barszcz to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

### COUNT I
### Disability Discrimination
### In Violation of the Americans with Disabilities Act

16. Plaintiff repeats and incorporates by reference Paragraphs 1 through 15 above, as though fully set forth herein.

17. Defendants violated the Americans with Disabilities Act by intentionally discriminating against Plaintiff on the basis of his disability and/or perceived disability.

18. Plaintiff was treated differently than similarly situated non-disabled employees, was subjected to a hostile work environment; and harassed by Defendants because of his disability and/or perceived disability.

19. Defendants intentionally discriminated and interfered with the terms and conditions of Plaintiff's employ based on his status as a qualified individual with a disability and/or perceived disability, including but not limited to, upper management informing Plaintiff that he would not be promoted due to his disability and/or perceived disability, failing to reasonably accommodate Plaintiff, and denying Plaintiff promotions and transfers due to his disability and/or perceived disability.

20. Plaintiff adequately and effectively performed all of the duties of his position with Defendants.

21. The actions of Defendants were willful, wanton, intentional, and with malice or with reckless indifference to the statutorily protected rights of Plaintiff, entitling him to damages in the form of compensatory and punitive/liquidated damages.

22. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

23. Plaintiff has exhausted his administrative remedies and/or has met all administrative prerequisites for bringing this action.

24. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

 A. Back pay, front pay, general and compensatory damages, including emotional distress damages and interest;

 B. Punitive/liquidated damages;

 C. Pre-judgment and post-judgment interest;

 D. Reasonable attorney's fees and cost; and,

 E. Such other and further relief as the Court deems just and proper.

## COUNT II
### Disability Discrimination
### In Violation of Chapter 760, Florida Statues

25. Plaintiff repeats and incorporates by reference Paragraphs 1 through 15 above, as though fully set forth herein.

26. Plaintiff was subjected to unlawful discrimination on the basis of his disability and/or perceived disability by Defendants in violation of Chapter 760, Florida Statutes.

27. Plaintiff was treated differently than similarly situated non-disabled employees, was subjected to a hostile work environment, and harassed by Defendants because of his disability and/or perceived disability.

28. Defendants intentionally discriminated and interfered with the terms and conditions of Plaintiff's employ based on his status as a qualified individual with a disability and/or perceived disability, including but not limited to, upper management informing Plaintiff that he would not be promoted due to his disability and/or perceived disability, failing to reasonably accommodate Plaintiff, and denying Plaintiff promotions and transfers due to his disability and/or perceived disability.

29. Plaintiff adequately and effectively performed all of the duties of his position with Defendants.

30. The actions of Defendants were willful, wanton, intentional and with malice or reckless indifference to the statutorily protected rights of Plaintiff, entitling him to damages in the form of compensatory and punitive damages.

31. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination and retaliation against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

32. Plaintiff has exhausted his administrative remedies and/or has met all administrative prerequisites for bringing this action.

33. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

    A. Back pay, front pay, general and compensatory damages, including emotional distress damages and interest;

    B. Punitive/liquidated damages;

    C. Pre-judgment and post-judgment interest;

    D. Reasonable attorney's fees and cost; and,

    E. Such other and further relief as the Court deems just and proper.

## COUNT III
### Florida Civil Rights Act- Retaliation

34. Plaintiff repeats and incorporates by reference Paragraphs 1 through 15 above, as though fully set forth herein.

35. Defendants intentionally created a hostile work environment, intentionally harassed, and retaliated against Plaintiff because of his opposition to Defendants' unlawful employment practices, as set forth in the preceding paragraphs, in violation of the Florida Civil Rights Act of 1992, §760.10, et seq., of the *Florida Statutes.*

36. As a direct and proximate result of Defendants' violation of the Florida Civil Rights Act of 1992, §760.10, et seq., of the *Florida Statutes*, and/or willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

37. Plaintiff has exhausted his administrative remedies and/or has met all administrative prerequisites for bringing this action.

38. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

    A. Back pay, front pay, general and compensatory damages, including emotional

distress damages and interest;

    B. Punitive/liquidated damages;

    C. Pre-judgment and post-judgment interest;

    D. Reasonable attorney's fees and cost; and,

    E. Such other and further relief as the Court deems just and proper.

## COUNT IV
## Title VII/ADA- Retaliation

39. Plaintiff repeats and incorporates by reference Paragraphs 1 through 15 above, as though fully set forth herein.

40. Defendants intentionally created a hostile work environment, intentionally harassed, and retaliated against Plaintiff because of his opposition to Defendants' unlawful employment practices, as set forth in the preceding paragraphs, in violation of 42 U.S.C. § 2000, *et. seq.*, and 29 U.S.C. 12203(a).

41. As a direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, and 29 U.S.C. 12203 (a), and/or willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

42. Plaintiff has exhausted his administrative remedies and/or has met all administrative prerequisites for bringing this action.

43. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

    A. Back pay, front pay, general and compensatory damages, including emotional distress damages and interest;

B. Punitive/liquidated damages;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorney's fees and cost; and,

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRAIL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 5th day of June, 2012.

Mary E. Lytle, Esquire
Florida Bar No. 0007950
**David V. Barszcz, Esquire**
Florida Bar No. 0750581
**Danielle L. Upton, Esquire**
Florida Bar No. 0094052
**LYTLE & BARSZCZ**
549 North Wymore Road
Suite 207
Maitland, FL 32751
Phone: 407-622-6544
Fax:    407-622-6545
mlytle@orlandoemploymentlawyer.net
dbarszcz@orlandoemploymentlawyer.net
dupton@orlandoemploymentlawyer.net
**Counsel for Plaintiff**